M.C., By and Through His Parent and Next Friend, MRS. C., Plaintiffs,

v.

**VOLUNTOWN BOARD OF EDUCATION, Defendant.**

No. 3:97 CV 2208(GLG).

United States District Court, D. Connecticut.

Feb. 28, 1998.

David C. Shaw, Richard T. Roznoy, Hartford, CT, for Plaintiff.

Frederick L. Dorsey, John M. Simon, Siegel, O'Connor, Schiff & Zangari, New Haven, CT, for Defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Pursuant to Federal Rule of Civil Procedure 12(b)(7), defendant, Voluntown Board of Education ("Local Board"), moves to dismiss plaintiff's amended complaint for failure to join a party under Rule 19 (**document # 12**).

Defendant argues that plaintiffs, M.C. by and through his parent and next friend, Mrs. C., should have joined the Connecticut State Board of Education ("State Board") as a defendant because it is a necessary party. For the reasons discussed below, defendant's motion is DENIED.

## BACKGROUND

Plaintiffs' complaint arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1487 (amended June 4, 1997). M.C. is a fourteen year-old student who has been deemed eligible for special education due to a diagnosis of attention deficit disorder. Before the 1996–97 school year, M.C. attended a public school in the Voluntown school district.

After a dispute with the Local Board as to the appropriateness of M.C.'s individual education program ("IEP"), Mrs. C. removed M.C. from the Voluntown public schools and unilaterally placed M.C. in The Rectory School, which is a private school. She subsequently sought a review of M.C.'s educational placement under one of the IDEA's procedural safeguards. 20 U.S.C. § 1415(b)(2) (1990) (setting forth the procedures for an impartial due process hearing), *amended by* 20 U.S.C. § 1415(f) (amended June 4, 1997); C.G.S.A. § 10–76h (1996 & Supp.1997).

Based on this request, an impartial due process hearing officer reviewed M.C.'s IEP and concluded that his placement at The Rectory School was appropriate for the 1996–97 school year, but inappropriate for the 1997–98 school year. Thus, the hearing officer ordered the Local Board to pay M.C.'s tuition and tutoring costs at The Rectory School only for the 1996–97 school year. For the 1997–98 school year, the hearing officer found that it would be appropriate to place M.C. in a program for socially/emotionally disturbed children offered by the Local Board through the Norwich public school system. This appeal followed. *See* 20 U.S.C. § 1415(e)(2) (1990) (providing that any party aggrieved by the outcome of a state administrative hearing may bring a civil action in state or federal court), *amended by* 20 U.S.C. § 1415(i)(2)(A) (amended June 4, 1997).

## DISCUSSION

On a motion for joinder of a necessary party, a court must first determine whether an absent party is needed for a just adjudication. Fed.R.Civ.P. 19(a); *ConnTech Dev. Co. v. University of Connecticut Educ. Properties,* 102 F.3d 677, 681 (2d Cir.1996). The moving party must show that the absent party is necessary under Rule 19(a)(1) or (a)(2). *See Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 48 (2d Cir.1996); *King v. Pine Plains Cent. Sch. Dist.,* 918 F.Supp. 772, 782 (S.D.N.Y.1996) (placing burden of proof on moving party). The determination of whether a party is a necessary is based on the state of the pleadings at the time the motion is brought. *Associated Dry Goods Corp. v. Towers Fin. Corp.,* 920 F.2d 1121, 1124 (2d Cir.1990) (citation omitted). Additionally, any Rule 19 decision is fact-specific and must be made on a case-by-case basis. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118–19, 88 S.Ct. 733, 742–43, 19 L.Ed.2d 936 (1968).

Defendant argues that the State Board is a necessary party because, without its joinder, complete relief cannot be accorded among those already parties. Fed.R.Civ.P. 19(a)(1). Contrary to defendant's assertions, we find that plaintiffs could receive meaningful relief without the State Board's presence as a defendant. *See ConnTech,* 102 F.3d at 682. Here, plaintiffs claim that the hearing officer wrongly decided to deny them reimbursement for M.C.'s tuition and tutoring costs at The Rectory School for the 1997–98 school year, and to place M.C. in a program administered by the Norwich school district. Undoubtedly, plaintiffs would receive complete relief if we were to overturn this portion of the hearing officer's decision.

While an absent party may be considered a necessary party in order to avoid having a court render a hollow judgment among the extant parties, Rule 19(a)(1) does not require joinder for the universal resolution of all related claims. *Shelton v. Exxon Corp.,* 843 F.2d 212, 218 (5th Cir.1988); *see Arkwright–Boston Mfrs. Mut. Ins., Co. v. City of New York,* 762 F.2d 205, 209 (2d

Cir.1985) (interpreting the complete relief clause narrowly and stating that complete relief means only " 'relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought' ") (citation omitted). Here, the Local Board could seek full or partial reimbursement from the State Board for any tuition or tutoring costs it may be required to pay. This does not mean, however, that the reimbursement issue must be resolved in the present litigation.

Moreover, the goals of efficiency and consistency that underlie Rule 19(a)(1) are not present here, because there is no risk of inconsistent judgments. *See* 4 *Moore's Federal Practice, supra,* § 19.03[1], at 19–34. Even if the Local Board initiated a lawsuit against the State Board subsequent to a final judgment in plaintiffs' favor in this case, such a suit would not involve duplicative litigation. In the present lawsuit, we would review the hearing officer's decision with respect to M.C.'s IEP, whereas any subsequent litigation would involve apportioning the costs of M.C.'s placement between the Local Board and the State Board. Thus, any ruling in a later reimbursement suit would not be inconsistent with a judgment in this case because the issues and interests presented in both cases are different. *See Shelton,* 843 F.2d at 218 (stating that the Rule 19 analysis involves consideration of the threat of inconsistent obligations, and not the possibility of multiple litigation). The only risk created by not joining the state Board as a defendant in this case is that the Local Board may be liable for all of plaintiffs' damages, and could later be unsuccessful in a reimbursement suit against the State Board.

Defendant advances one final argument as to why this Court should find that the State Board is a necessary party under Rule 19(a)(1). It relies on *Peregrine* for the proposition that an absent party is a necessary party if a court's judgment, without joinder, would require the absent party to do something or to change any of its positions. 89 F.3d at 48. Generally, this is true. *See Associated Dry Goods,* 920 F.2d at 1124; *Rose v. Simms,* Civ. No. 95–1466, 1995 WL 702307, at *3 (S.D.N.Y. Nov. 29, 1995) ("Courts are most likely to rule that complete relief may not be accorded among the parties present in circumstances where the absent party plays a significant role in the provision of some form of injunctive relief."). Defendant characterizes the hearing officer's ruling as a decision by the State Board. It further contends that any ruling by this Court in plaintiffs' favor would effectively reverse the hearing officer's decision. This would therefore require the State Board to change its position by ordering the Local Board to fund M.C.'s tuition and tutoring costs for the 1997–98 school year.

We disagree. Under the IDEA, section 1415(b)(2) provides that a disabled child's parent may request a due process hearing. to review a child's IEP which may be conducted by either the state or local educational agency, as determined by state law. 20 U.S.C. § 1415(b)(2) (1990). Accordingly, the Connecticut legislature empowered only the state department of education to schedule due process hearings, C.G.S.A. § 10–76h(b) (1996), and to appoint impartial hearing officers. C.G.S.A. § 10–76h(c)(1) (1996 & Supp.1997). Additionally, under Connecticut law, an impartial hearing officer cannot be an employee of the State Board or the Local Board. *Id.* The statute specifically states that a "person who is paid to serve as a hearing officer is not deemed to be an employee of the state Department of Education." *Id.* Moreover, to qualify as a hearing officer, the individual must be impartial and could not have participated in any previous identification, evaluation, or educational placement of M.C. *Id.* For these reasons, any decision made by a hearing officer is not considered a decision of the State Board. Consequently, the State Board is not a necessary party under Rule 19(a)(1).

Defendant also contends that this Court should consider the State Board a necessary party because the State Board's interest as a practical matter would be impaired or impeded by disposition of the case in its absence. Fed.R.Civ.P. 19(a)(2)(i). Under the impair or impede clause, however, the absent party itself must assert an interest in the subject matter of the pending case. *ConnTech,* 102 F.3d at 683. Accordingly,

defendant is not in the position to claim an interest on the State Board's behalf for purposes of Rule 19(a)(2). *Id.; Peregrine,* 89 F.3d at 49.

Anticipating this conclusion, defendant requests that the State Board receive notice of this lawsuit in order to assert its interest. Notably, however, in *State of Connecticut–Unified School District No. 1 v. State Department of Education,* 45 Conn.Supp. 57, 699 A.2d 1077 (1997), the plaintiff, a special school district established within the state's correctional department, appealed a hearing officer's decision which ordered it to provide a disabled child with compensatory education. On appeal, the plaintiff named the disabled child and the Connecticut State Board of Education as defendants. The State Board took the position that it was only a nominal defendant, and it did not participate in the defense of the hearing officer's decision. *Id.* at 63, 699 A.2d at 1082. Thus, rather than claiming an interest in cases brought under the IDEA, the State Board appears to distance itself from such disputes. *See King,* 918 F.Supp. at 782 (finding, in an IDEA case, that a local social services department failed to show that the state social services department had an interest in the pending litigation because based on the local department's reasoning, "any number of state and federal agencies that are involved in funding the education of disabled children would be necessary parties.").

Because we have determined that the State Board is not a necessary party, it cannot be joined under the compulsory party joinder rule. *See ConnTech,* 102 F.3d at 681 (stating that a court can consider whether joinder is feasible only after concluding that an absent party is necessary); *Associated Dry Goods,* 920 F.2d at 1123.

## CONCLUSION

For the foregoing reasons, defendant's motion (**document #12**) is DENIED.

**SO ORDERED.**